*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1139**

Kelly Smith,
Relator,

vs.

Hoff Diamonds and Gems, Inc.,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed February 2, 2015
Affirmed
Peterson, Judge**

Department of Employment and Economic Development
File No. 32077224-3

Kelly M. Smith, Ortonville, Minnesota (pro se relator)

William G. Cottrell, Cottrell Law Firm, Mendota Heights, Minnesota (for respondent Hoff Diamonds and Gems, Inc.)

Lee B. Nelson, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent department)

        Considered and decided by Larkin, Presiding Judge; Peterson, Judge; and Hudson, Judge.

UNPUBLISHED OPINION

**PETERSON**, Judge

This certiorari appeal is from an unemployment-law judge's decision that relator is ineligible for unemployment benefits because he was discharged from his employment for employment misconduct. We affirm.

## FACTS

Relator Kelly Smith worked as a jeweler for respondent Hoff Diamonds and Gems, Inc., from February 2013 through December 28, 2013. His primary job duties were to manufacture, repair, and polish jewelry. In mid-December 2013, Hoff Diamond's owner, Steven Hoff, spoke to relator about concerns he had about relator's attitude and conduct toward his coworkers.

On December 27, 2013, relator became frustrated while working on a ring. He approached the office manager and, using profane language, told her that he was not going to work on the ring anymore. He then dropped the ring on her desk and walked away. On December 28, 2013, relator used profane language when he complained to Hoff about the way that work orders were formatted. Also on December 28, relator's paycheck did not include pay for five hours of overtime that relator had worked. Relator became angry and went to the store manager's office. Using a profane adjective, relator told the store manager that she was a thief. The store manager reviewed relator's work hours, acknowledged that she made a mistake, and told relator that she would have another check issued to him.

Hoff Diamonds discharged relator because of his inability to get along with his coworkers and his conduct on December 27 and 28. Relator sought unemployment benefits, and respondent department of employment and economic development issued a determination of ineligibility. Relator appealed this determination, and an unemployment-law judge (ULJ) conducted a hearing and concluded that relator is ineligible for benefits because he was discharged from employment for employment misconduct. The ULJ affirmed this determination on reconsideration, and this certiorari appeal followed.

## D E C I S I O N

When reviewing the decision of a ULJ, this court may affirm the decision, remand for further proceedings, or reverse or modify the decision if the relator's substantial rights were prejudiced because the conclusion, decision, findings, or inferences are, among other reasons, unsupported by substantial evidence in the record. Minn. Stat. § 268.105, subd. 7(d)(5) (2014). Substantial evidence is "(1) such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (2) more than a scintilla of evidence; (3) more than some evidence; (4) more than any evidence; or (5) the evidence considered in its entirety." *Minn. Ctr. for Envtl. Advocacy v. Minn. Pollution Control Agency*, 644 N.W.2d 457, 466 (Minn. 2002). This court reviews factual findings in the light most favorable to the decision and defers to the ULJ's credibility determinations. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006).

"Employment misconduct means any intentional, negligent, or indifferent conduct . . . that displays clearly: (1) a serious violation of the standards of behavior the employer

3

has the right to reasonably expect of the employee; or (2) a substantial lack of concern for the employment." Minn. Stat. § 268.095, subd. 6(a) (2014). Employment misconduct does not include inefficiency or inadvertence, simple unsatisfactory conduct, conduct an average reasonable employee would have engaged in, poor performance because of inability or incapacity, or good-faith errors in judgment. *Id.*, subd. 6(b)(2)-(6) (2014). Whether an employee committed misconduct is a mixed question of fact and law. *Stagg v. Vintage Place Inc.*, 796 N.W.2d 312, 315 (Minn. 2011). Whether the employee committed a specific act is a fact question, reviewed in the light most favorable to the decision and affirmed if supported by substantial evidence. *Skarhus*, 721 N.W.2d at 344. Whether the employee's act constitutes employment misconduct is a question of law subject to de novo review. *Stagg*, 796 N.W.2d at 315.

Relator argues that the ULJ should not have credited the testimony of the employer's witnesses that relator swore on December 27 and 28 because written statements that the witnesses prepared three months before the hearing did not state that he swore. Relator contends that the witnesses did not testify that he swore until the ULJ specifically asked whether he swore at them. Relator also contends that the witnesses were not credible because a video recording of the December 27 incident when he told the office manager that he was not going to work on a ring anymore showed no aggression on his part and no reaction by the office manager or any nearby customers to anything that he was saying. Relator argues that if he had acted the way that the office manager testified he acted, the video recording would have shown her and the customers reacting in a shocked manner.

4

Regardless of the content of the witnesses' written statements and the video recording, all three of the employer's witnesses testified that relator used profanity during their conversations with him on December 27 and 28, and the ULJ specifically found that the employer's witnesses' testimony was more credible than relator's testimony. We defer to the ULJ's credibility determinations, and the employer's witnesses' testimony is substantial evidence that relator used profanity during conversations with three coworkers during his final days of employment.

Relator argues that Hoff and his attorney tried to pass off notes that Hoff created the day before the hearing as if they were the original notes that Hoff created following conversations with relator about his conduct. Although relator's argument on appeal is not complete, he appears to claim that Hoff falsified the recreated notes. This argument was presented to the ULJ on reconsideration, however, and the ULJ found that "[t]here was no evidence that Hoff falsified the notes" and "Hoff testified that he could not find the original notes, and reconstructed them from his memory." More importantly, the ULJ also stated on reconsideration that she "excluded these notes from evidence and did not consider these notes when issuing her decision" and "Hoff credibly testified that he spoke to [relator] about his conduct several times and that he informed [relator] he needed to improve his conduct towards his coworkers." Whether Hoff spoke to relator and the content of any conversations are credibility issues, and we defer to the ULJ's credibility determinations.

Relator argues that even if he did swear at his coworkers, doing so was not employment misconduct because a single incident that has no significant negative effect

5

on the employer is not employment misconduct. But, as the ULJ stated on reconsideration,

> [t]he evidence shows that [relator's] conduct was not a single incident. The employer cited a minimum of two incidents, one that occurred on December 27 and another on December 28, 2013, that factored into the discharge decision. Hoff testified that [relator's] conduct has been a concern since the fall of 2013, and that he had spoken to [relator] about his conduct.

Furthermore, the statute that addresses a single incident states only that "[i]f the conduct for which the applicant was discharged involved only a single incident, that is an important fact that must be considered in deciding whether the conduct rises to the level of employment misconduct under [Minn. Stat. § 268.095, subd. 6](a)." Minn. Stat. § 268.095, subd. 6(d) (2014). The statute does not require that the single incident have a significant negative effect on the employer.

Appellant also argues that his alleged conduct was not employment misconduct because the statutory definition of "employment misconduct" specifically excludes "simple unsatisfactory conduct" and "conduct an average reasonable employee would have engaged in under the circumstances." Minn. Stat. § 268.095, subd. 6(b)(3)-(4). Relator contends that even if he did swear, that would not "be more than simple unsatisfactory conduct that would be expected given the situation" because his employer was stealing money from him by purposefully shorting him on his paycheck. But relator does not cite any evidence that gave him a reason to believe that the shortfall in his paycheck was purposeful, rather than a simple error.

6

Furthermore, the incidents on December 27 and 28 occurred after Hoff spoke to relator about his conduct. After he spoke to relator, Hoff had a right to reasonably expect that relator would not use profane language while speaking with his coworkers in the workplace. Relator's repeated use of profanity was a serious violation of this standard of behavior, and it clearly displayed a substantial lack of concern for his employment.

**Affirmed**.